IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAKRI KULLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-03847 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ALEJANDRO MAYORKAS, in his official ) | |
| capacity as Secretary of Homeland Security, | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bakri Kulla ("Plaintiff") brings his complaint against Defendants Alejandro Mayorkas in his official capacity as Secretary of the U.S. Department of Homeland Security, Christopher A. Wray ("Wray") in his official capacity as Director of the Federal Bureau of Investigation, Thomas Cioppa ("Cioppa") in his official capacity as Chicago District Director of the United States Citizenship and Immigration Services ("USCIS"), and Antony J. Blinken ("Blinken") in his official capacity as Secretary of the U.S. Department of State (collectively "Defendants"), under 5 U.S.C. § 555(b) of the Administrative Procedure Act for failure to timely adjudicate Plaintiff's Form I-589, Application for Asylum and for Withholding of Removal ("Form I-589") and seeking a writ of mandamus compelling Defendants to adjudicate his application.

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6). For the following reasons, the Court grants Defendants' motion [7].

**Background**

Plaintiff is a citizen of Syria currently residing in Virginia Beach, VA. (*See* Dkt. 8, Ex. 1) (identifying Plaintiff as residing in Virginia Beach.) According to his complaint, Plaintiff and his family fled Syria for the United States out of fear of persecution. (Dkt. 1.) In June 2015, Plaintiff filed a

Form I-589, listing his spouse and three children as derivative applicants. In August 2016, USCIS issued an official receipt of notice of Plaintiff's application, acknowledging that Plaintiff's application was received and had been pending since June 27, 2015. This receipt notice indicates that Plaintiff's application is being processed at the USCIS Arlington, Virginia Asylum Office. *(See* Dkt. 1, 8) (identifying Plaintiff's USCIS receipt number as "ZAR1600088150," of which the "ZAR" code refers to the Arlington, VA Asylum Office according to USCIS's Asylum Statistics Key, https://www.uscis.gov/sites/default/files/document/data/Asylum-Statistics-Key.pdf (last accessed Sept. 9, 2024)).

Plaintiff filed his complaint on May 10, 2024, alleging that as of May 7, 2024, the official USCIS case status tool states that the next step in his application is an in-person interview and that "almost eight (8) years have passed since the most recent update from USCIS." (Dkt. 1.) Defendants subsequently filed a motion to dismiss under Rules 12(b)(6) and 12(b)(3) on July 19, 2024. As Plaintiff failed to submit a response within the timeline set by the Court, Defendants rest on the arguments presented in their motion to dismiss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in the proper district. *See Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499 (N.D. Ill. Mar. 28, 2014) (St. Eve, J.). In assessing a defendant's motion to dismiss under Rule 12(b)(3) for improper venue, a district court assumes the truth of the allegations in the plaintiff's complaint, unless contradicted by the defendant's affidavits. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016). The district court court also may consider evidence outside the pleadings to determine whether the chosen venue is appropriate. *Id.*

**Discussion**

Defendants move to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) and for improper venue under Rule 12(b)(3). The Court discusses each of these claims in turn.

*A. Motion to Dismiss under Rule 12(b)(6)*

Defendants argue that Plaintiff's complaint should be dismissed as to Defendants Wray, Blinken, and Cioppa for failure to provide sufficient factual allegations regarding their failure to fulfill a legal duty to act regarding the adjudication of Plaintiff's Form I-589. The Court agrees. Outside of referring to these officials in regard to venue, Plaintiff's complaint provides no detail on the role of these three defendants or their respective agencies in adjudicating his Form I-589. Instead, the complaint describes only the role of Defendant Mayorkas and USCIS in the adjudication process.

Absent such factual content, the Court cannot reasonably infer any liability for these three defendants. For this reason, the Court grants Defendants' motion to dismiss as to Defendants Wray, Blinken, and Cioppa.

B. *Motion to Dismiss under Rule 12(b)(3)*

Defendants also argue that Plaintiff's complaint should be dismissed for improper venue for failing to meet the statutory requirements of 28 U.S.C. § 1391(e). Under Section 1391(e), in "civil actions in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority," venue is proper in a United States district court if (1) a defendant in the action resides in the district, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in the district, or (C) the plaintiff, if no real property is involved in the action, resides in the district. 28 U.S.C § 1391(e)(1).

Here, Plaintiff's complaint fails to meet all these elements. The only defendant that Plaintiff claims resides in the district is Cioppa, the USCIS Director of the Chicago Field Office. But as noted in Defendants' motion to dismiss, Cioppa left the Chicago Field Office in October 2017 and subsequently retired from USCIS in June 2019. (Dkt. 8.) Further, Plaintiff does not provide any factual allegations supporting the claim that the USCIS Chicago Field Office is involved in the adjudication of his Form I-589. Instead, both Plaintiff's complaint and Defendants' motion to dismiss note that the official notice of receipt issued by USCIS for Plaintiff's Form I-589 indicates that the application is being processed at the USCIS Arlington, Virginia Asylum Office. *(See* Dkt. 1, 8.) Finally, Plaintiff resides in Virginia Beach, which is outside of this district court's jurisdiction, and there is no property within this district involved in this dispute.

As Plaintiff did not file a response to Defendants' motion to dismiss, and because the allegations in his complaint are contradicted by Defendants' motion, Plaintiff has failed to meet his burden of establishing that he filed his complaint in the proper district. For these reasons, the Court grants Defendants' motion to dismiss for improper venue.

**Conclusion**

For these reasons the Court grants Defendants' motion to dismiss as to Defendants Wray, Blinken, and Cioppa for failure to state a claim and for improper venue [7]. Plaintiff is granted leave to amend the complaint within 14 days if he has a good faith basis for believing he can cure the pleading deficiencies identified in this opinion. If Plaintiff does not file his amended complaint within 14 days from the date of this Order, Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 9/13/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge